UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RALEIGH RANA FIGUERAS,<br><br>Movant. | No. 2:16-cr-45-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Raleigh Rana Figueras ("movant"), proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 96. For the reasons stated hereafter, the court finds that it plainly appears from the face of the motion that movant is not entitled to relief. Thus, it is recommended that the motion be dismissed.

### Background

Movant was charged with: (1) seven counts of bank fraud and attempted bank fraud pursuant to 18 U.S.C. § 1344; (2) one count of aggravated identity theft pursuant to 18 U.S.C. § 1028(a)(1); (3) one count of unlawful possession of five or more identification documents pursuant to 18 U.S.C. § 1028(a)(3); and (4) one count of possession of stolen U.S. mail pursuant to 18 U.S.C. § 1708. ECF No. 21. Movant accepted a plea agreement and pleaded guilty in exchange for dismissal of all but one of the bank fraud counts. ECF Nos. 75, 90, 91.

/////

Movant now argues that his counsel was ineffective. Specifically, he contends that his counsel told him that, by pleading guilty, he would not be placing himself at risk of deportation. ECF No. 96 at 4. In November of 2018, however, immigration officials allegedly informed movant that he would, at some unspecified time in the future, be deported because he pleaded guilty to stealing mail. *Id.* He now claims that he plead guilty only because his attorney offered him assurances regarding his deportability. *Id.*

Legal Standards

I. <u>Motions Pursuant to 28 U.S.C. § 2255</u>

Section 2255 permits a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) his conviction is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Id.*

/////

## II. Ineffective Assistance of Counsel Claims

The applicable legal standards for a claim of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) her counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 562 U.S. at 106. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A reviewing court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

/////

3

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." *Id.* Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." *Id. See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.") There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Thus, counsel is not deficient for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434.

## Analysis

Movant's argument is unconvincing. The terms of the plea agreement specifically informed him that:

> The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. **Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty.** Removal and other immigration consequences are the subject of a separate proceeding, and **the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status**. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, **even if the consequence is automatic removal from the United States.**

ECF No. 75 at 9-10, ¶ 24 (emphasis added). Movant signed the agreement and, in so doing, affirmed that he had read and understood the agreement in its entirety. *Id.* at 10, ¶ 27. Thus, he cannot reasonably claim – regardless of what his attorney told him[1] - to have been unaware that

---

[1] The court re-emphasizes that movant was explicitly warned that his attorney could not "predict to a certainty" the effect of his conviction on his immigration status. *See* ECF No. 75 at

4

his acceptance of the plea agreement carried with it the chance that he would be removed from the United States.

The court also notes that movant's awareness of possible deportation stemming from the plea agreement likely renders his motion time-barred. A one-year limitations period applies to section 2255 motions. 28 U.S.C. § 2255(f). The possible commencement dates for the limitations period are the latest of: (1) the date on which the judgment becomes final; (2) the date on which an impediment to filing created by the government is removed, (3) the date on which the Supreme Court recognizes a new constitutional right, retroactively applied on collateral review; or (4) the date on which the factual predicate for the claim could have been discovered through the exercise of due diligence. *Id.* Movant has not identified any newly-created right by the Supreme Court or any governmental impediment to filing the current motion. His judgment became final on November 7, 2017. ECF No. 91. He did not, however, file the current motion until July 8, 2019. ECF No. 96. Movant is likely to argue that the limitations period should run from November 2018, at which time he allegedly became aware of the factual predicate of his claim – namely, possible deportation. As noted *supra*, however, movant knew or should have known of the possibility of deportation on February 9, 2017 – the day he pleaded guilty. ECF Nos. 71 & 75. Other courts have held as much. *See*, *e.g.*, *Vargas v. United States*, No. SACV 18-01171 JVS, 2019 U.S. Dist. LEXIS 18602, *7, 2019 WL 451344 (N.D. Cal. Feb. 5, 2019) ("The plea agreement Petitioner signed clearly stated that pleading guilty to the felony charge in his case may result in deportation. Thus, the predicate of Petitioner's claim was discovered the day he pleaded guilty, if not well-before."). And movant has not identified any basis for equitable tolling – i.e. extraordinary circumstances beyond his control that made timely filing impossible. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

/////

/////

/////

---

9-10, ¶ 24.

## Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 96) be DISMISSED pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: April 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE