UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0045-MCE-EFB P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RALEIGH RANA FIGUERAS, | |
| Movant. | |

On November 3, 2020, this court recommended that Mr. Figueras's (hereinafter "movant") section 2255 motion be granted. ECF No. 138. In so doing, it found that Mr. Jerome Price — movant's counsel during plea negotiations and at sentencing — rendered ineffective assistance in failing to recognize that movant's conviction of possession of stolen mail would be an aggravated felony if it resulted in a sentence of one year or more. *Id.* at 10. Any objections to that recommendation were due on or before November 17, 2020. ECF No. 138 at 15. That deadline passed without any party submitting any objections.[1] After the deadline passed, Price filed a motion to intervene in which he requested intervention and an extension of time to file objections. ECF No. 140. Therein, he states that intervention is warranted because a finding that

---

[1] Though, in a motion submitted well after the deadline for objections passed, the government has requested an extension of time to submit objections. ECF No. 144. The court will be issuing separate findings and recommendations on that motion.

1

1    he misadvised movant "relates to how he discharged his professional responsibilities." *Id.* at 2.
2    Movant filed an opposition to Price's motion (ECF No. 142) and Price filed a reply (ECF No.
3    143).  For the reasons stated hereafter, it is recommended that Price's motion be denied.
4         Where a party has no intervention as of right, but seeks permission to intervene, a court
5    may grant a timely motion to intervene if it is brought by one who is (1) given a conditional right
6    to intervene by a federal statute, or (2) has a claim or defense that shares with the main action a
7    common question of law or fact.  Fed. R. Civ. P. 24(b).  Price does not identify any conditional
8    right to intervene granted by federal statute.  Instead, he argues that he has a claim that shares a
9    common question of law or fact insofar as the findings, if adopted, bear on how he conducted
10   himself professionally.  ECF No. 140 at 2.   It is undoubtedly true that his performance as an
11   attorney has been and remains at issue in this case.  But that fact, standing alone, is not a claim.
12   The U.S. Court of Appeals for the Ninth Circuit has stated that a claim is "[t]he aggregate of
13   operative facts giving rise to a right enforceable by a court . . . [t]he assertion of an existing right;
14   any right to payment or to an equitable remedy, even if contingent or provisional . . . [a] demand
15   for money, property, or a legal remedy to which one asserts a right." *United States v. Kim*, 806
16   F.3d 1161, 1171 (9th Cir. 2015) (quoting *Black's Law Dictionary* 281-82 (9th ed. 2009)).  Under
17   even the most liberal reading of the foregoing definition, Mr. Price has not identified a specific
18   claim that he would, if allowed to intervene, have the court adjudicate at this time.  In fact, he
19   acknowledges that, if his motion to intervene is granted, he may not file any objections at all.
20   ECF No. 140 at 2 ("[U]pon receiving the magistrate judge's findings, the undersigned wishes to
21   have time to review the transcripts *and consider whether objections should be filed* to the factual
22   findings made by the magistrate judge, which relied on both the undersigned's declaration and
23   testimony at the evidentiary hearing.") (emphasis added).
24        The court also finds that Price's motion to intervene is untimely.  In the Ninth Circuit,
25   courts evaluate the timeliness of a motion to intervene based on "(1) the stage of the proceeding at
26   which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and
27   length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004)
28   (citing *Cal. Dep't. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F. 3d

1113, 1119 (9th Cir. 2002)). Here, Price has waited until the proceedings in this case were nearly at an end,[2] with dispositive findings and recommendations submitted to the district judge, to intervene. And there is no justifiable reason for the delay. Price's performance has been at issue in this case since movant filed his pro se section 2255 motion in July of 2019. ECF No. 96. And Price was certainly on notice that his performance would be relevant when the proposed first amended section 2255 motion was filed in July of 2020. ECF No. 111. That motion explicitly argues that Price's representation prior to sentencing was ineffective. To wit:

> Mr. Price's s failure to advise Mr. Figueras prior to entry of his pleas and sentencing that the possession of stolen mail count would be an aggravated felony constitutes clear error, as the terms of the relevant immigration statute are clear. Moreover, this error resulted in prejudice to Mr. Figueras because, if he had known the actual immigration consequences prior to negotiation of the plea agreement or sentencing, he would have had the opportunity to negotiate a limitation to a sentence of less than one year in the plea agreement, or to request a sentence of less than one year on that count at sentencing, which would have avoided conviction of an aggravated felony, preserved his best defenses to removal, and, as a reasonable probability, might well have allowed him to avoid an order of removal.

ECF No. 111-2 at 19-20. Thus, even assuming intervention was permissible, if Price believed that an attack on his pre-sentencing representation necessitated his intervention, he should have acted after reading the proposed motion.[3] And, as movant points out in his opposition, there would be prejudice to him if adjudication of this case were delayed to allow Price to weigh whether to file objections. The court already found that time was of the essence when it shortened time to hear the section 2255 motion. That has not changed. Movant remains in the Sacramento County jail awaiting the conclusion of this case and the relief from the earlier adverse immigration consequences that would be provided by resentencing (assuming the findings and recommendations are adopted). That relief currently remains out of reach and movant faces imminent deportation based on the aggravated felony conviction.

---

[2] The request was not presented until after the close of briefing and after the testimony was concluded, oral argument was heard, the matter ordered submitted, and proposed findings and recommendation were filed. Under any objective standard, the request is untimely.

[3] In fact, Price submitted a declaration in conjunction with the motion for leave to file an amended section 2255 motion. ECF No. 111-1 at 2-4, Ex. A.

1    The court is also persuaded by *United States v. Collyard*, the case relied upon by movant
2    in his opposition. No. 12-0058 (SRN), 2013 U.S. Dist. LEXIS 49077 (M.N. Dist. 2013). In
3    *Collyard*, the court denied a motion to intervene by the defendant's former attorney in a criminal
4    case. *Id.* at * 6. There the attorney sought to intervene in the case in order to protect his license
5    to practice law. *Id.* at *5-6. The court reasoned that the motion should be denied because the
6    attorney's "right in his license to practice law is not before the Court in this criminal proceeding,
7    and because the right of intervention in criminal proceedings is narrowly circumscribed . . . ." *Id.*
8    at * 6. Price argues that *Collyard* is inapposite because it dealt with criminal proceedings rather
9    than a section 2255 motion. ECF No. 143 at 4. That may be, but it remains true that any negative
10   collateral consequences to Price's law license, bar membership, or standing among his peers that
11   result from the findings are not before the court.

12   In his reply, Price contends that he is merely trying to ensure the accuracy of the record
13   upon which the district judge will make a final determination. *Id.* at 2. He takes issue with the
14   findings and recommendations insofar as they state that he misadvised movant as to the
15   immigration consequences of Count 10 at the plea stage. *Id.* He argues that he did tell movant he
16   "would be deported (was deportable)." *Id.* There is an obvious distinction, however, between
17   being made aware of the possibility of deportation and being told that deportation is a legal
18   certainty. In his declaration, Price acknowledges that he "recalls having conversations with
19   [movant]" in which he advised him that the counts he was pleading to would not be aggravated
20   felonies. ECF No. 111-1 at 3, ¶ 4, Ex. A. He admits that he did not advise movant that a
21   sentence of more than one year on Count 10 would constitute an aggravated felony. *Id.* And
22   movant, in his own declaration, states that his conversations with Price led him to believe that,
23   although accepting the plea would render him deportable, he would not be convicted of an
24   aggravated felony and rendered defenseless to deportation. *Id.* at 14, ¶3, Ex. C.

25   Price suggests in his reply that he may want to develop a time distinction for when his
26   ineffective assistance occurred. ECF No. 143 at 3. It appears that he wants to show that his
27   mistake occurred at the time of the sentencing hearing rather than at some prior point in the
28   proceedings. Price does not explain why this distinction is material. Regardless, the court is

4


convinced that there is no point in waiting on the transcript and delaying final adjudication of the motion.  Indeed, even in his reply Price drives home the point that he made the very mistake that is identified in the court's findings and recommendation as the basis for finding ineffective assistance.  Price concedes that at the time of sentencing he was unaware "that a request for one-day less would have preserved Mr. Figueras's right to fight deportation."  ECF No. 143 at 3.  And he confirms that "he should have asked for the same total sentence, but a day less on Count 10."  *Id.*  The transcript, whatever else it might show, will not alter that outcome.  Price agrees he made the mistake, and, as was explained in detail in the findings and recommendation to grant movant's section 2255 motion, the mistake resulted in an aggravated felony conviction on Count 10 which deprived movant of an opportunity to contest his deportation.  Price has not shown that allowing him to intervene and file objections would add any meaningful information or context to the issues in this case.

Finally, the court has weighed allowing Price to file an *amicus curiae* brief in place of intervening.  It concludes that the standard for such a filing is not met here, however.  In determining whether to allow the participation of amicus curiae, a court should consider the content of the proposed brief.  *See Ellis v. Housenger*, No. 13-cv-01266-MMC, 2016 U.S. Dist. LEXIS 57521, *3 (N.D. Cal. 2016).  Here, Price has not settled on the content of his objections or even whether he would file them if allowed to intervene, and thus the court is unable to determine precisely what any amicus brief would contain.  And the purpose of an amicus brief is "to call the court's attention to law or facts or circumstances in a matter then before it that may otherwise escape its consideration." 4 Am. Jur. 2d Amicus Curiae § 6 (2004).  It cannot raise issues not previously raised by the parties themselves.  *National Comm'n on Egg Nutrition v. FTC*, 570 F.2d 157, 160 n.3 (7th Cir. 1977).  And, whatever else any amicus brief might include, Price seems prepared to act in conjunction with or, perhaps in place of, the government.  *See* ECF No. 143 at 4 ("Although the government would traditionally be the party who would introduce countervailing evidence in a § 2255 proceeding, here the government elected not to contact the undersigned at all, so the government was unaware of key facts it could have used in arguing whether counsel's performance was constitutionally adequate at the plea stage."). Such a posture is inappropriate for

an amicus curiae. *See In re Forge Grp. Power Pty LTD*, No. 17-cv-02045-PJH, 2017 U.S. Dist. LEXIS 100488, *3 (N.D. Cal. 2017) ("[A]n amicus curiae is merely a 'friend of the court,' not a party to the action, and to that end, an amicus may not assume the functions of a party, nor may it initiate, create, extend, or enlarge the issues.").

Accordingly, it is RECOMMENDED that Mr. Price's motion to intervene and motion for extension of time to file objections (ECF No. 140) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within seven days after being served with these findings and recommendations, Mr. Price (and either party if they so desire) may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE