UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RALEIGH RANA FIGUERAS,<br><br>Movant. | No. 2:16-cr-0045-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

On November 3, 2020, the court recommended that Mr. Figueras's (hereinafter "movant") section 2255 motion be granted. ECF No. 138. In so doing, it found that Mr. Jerome Price — movant's counsel during plea negotiations and at sentencing — rendered ineffective assistance in failing to recognize that movant's conviction of possession of stolen mail would be an aggravated felony if it resulted in a sentence of one year or more. *Id*. at 10. The objections deadline — fourteen days — passed without any party submitting any. Then, one week after the deadline expired, counsel for the government requested an extension of time to file objections. ECF No. 144. Therein, counsel stated that, during the deadline for lodging objections, she suffered an illness and, additionally, was on leave for one week. *Id*. at 2. The government asks for an extension of time to file objections until January 11, 2021 — thirty days from when it estimates transcripts of the evidentiary hearing will be available. *Id*. at 1. The court recommends that the motion for extension of time be denied.

1

Under the Federal Rules of Civil Procedure, a court may, for good cause, extend time based on a motion made after time has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether a party's neglect is excusable, the court consider four factors — "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). Additionally, the court is cognizant of the local rules which provide that "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." E.D. Cal. L. R. 144(d). It logically follows that requests for a court-approved extension brought *after* the required filing date should be looked upon with equal or, indeed, greater disfavor.

As to the four factors, the first, danger of prejudice to the opposing party, weighs against the requested extension of time. As the court previously noted, movant remains in the Sacramento County Jail awaiting the conclusion of these proceedings. ECF No. 146 at 3. And any relief from the pending final order of removal is contingent on the resolution of these proceedings. *Id.; see also* ECF No. 142 at 1-2. The second factor, the length of the delay, also cuts against granting an extension. The government is requesting a delay of more than a month to allow time to review the evidentiary hearing transcript.[1] The substantial delay compounds the prejudice to movant who will remain in the Sacramento County Jail until the objections are filed and the district judge adopts or rejects the pending recommendations.

The third factor, the government's reason for the delay, is dismaying. Counsel's declaration says nothing about what efforts were made by that counsel to meet the existing deadlines. Further, scheduling leave during the two-week period during which objections were to have been filed suggests that a timely request for an extension of time could have been filed if counsel had been diligent. Here, counsel filed nothing until after apparently being served with attorney Price's requests to intervene and extend time. As for the separate reason articulated in

---

[1] Counsel is aware of what arguments and evidence were presented at the evidentiary hearing. A lengthy delay to review transcripts of the hearing is unjustified.

1   the declaration, the court understands that illness respects no schedule, but the government's
2   counsel is an experienced litigator in the United States Attorney's Office.  As movant points out
3   in his opposition, staff or other attorneys in the office could have assisted counsel in preparing a
4   timely request for extension of time or, better yet, timely objections.[2]

5   Finally, the court presumes the final factor (the question of good faith) weighs in the
6   government's favor.  The court accepts counsel's representation as to an illness.  The court also
7   presumes that her failure to factor the two-week deadline into her week-long leave is a
8   consequence of negligence rather than a bad faith attempt to delay these proceedings.  However,
9   that the government's motion is being brought in good faith does not counterbalance the other
10  three factors.  As all counsel are aware, this court granted movant's request to shorten time for
11  adjudication of this section 2255 motion based on a finding of good cause.  Indeed, the court
12  heard oral argument on the matter (ECF No. 120) and was informed by the government that it
13  could not agree to delay any deportation pending the resolution of this proceeding.  In light of that
14  the court set the matter for hearing on an expedited basis over the objection of the government.
15  ECF No. 121.  That urgency has not changed.

16  Accordingly, it is RECOMMENDED that the government's motion for extension of time
17  to file objections (ECF No. 144) be denied.

18  These findings and recommendations are submitted to the United States District Judge
19  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within seven days after
20  being served with these findings and recommendations, Mr. Price (and either party if they so
21  desire) may file written objections with the court and serve a copy on all parties.  Such a
22  document should be captioned "Objections to Magistrate Judge's Findings and
23  Recommendations."  Failure to file objections within the specified time may waive the right to
24  /////
25  /////

26
27  [2] The request that was finally submitted was not complicated.  It consists of two sentences
    and a single page declaration.  ECF No. 144.  It could not have taken an inordinate amount of
28  time or effort to submit it.

3

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE