UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>RALEIGH RANA FIGUERAS,<br><br>Movant. | No.  2:16-cr-00045-MCE-EFB<br><br><br><br>**ORDER** |

  Raleigh Rana Figueras ("Movant" or "Figueras") previously entered guilty pleas pursuant to a written plea agreement to four counts of an eleven-count indictment brought by the United States ("Respondent").  This Court sentenced Movant to consecutive terms of 12 months on three of the counts and a concurrent term of 24 months on another count for an aggregate term of 36 months in prison.  Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255, which this Court denied.  Movant timely appealed the denial to the Ninth Circuit Court of Appeals and thereafter filed a Motion for Certificate of Appealability ("COA") before this Court which is presently before this tribunal.  ECF No. 165 ("Motion").  The appellate court also subsequently remanded this case back to this Court for the limited purpose of granting or denying the COA.  ECF No. 166.  Movant's Motion for the COA is GRANTED.

Under 28 U.S.C. § 2253(c), a federal prisoner must seek and obtain a COA to appeal the district court's denial of relief under § 2255. 28 U.S.C. § 2253(c). A district judge may also issue a COA. See Fed. R. App. P. 22 (b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997) ("[D]istrict courts possess the authority to issue certificates of appealability in § 2255"). A "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "[T]he Supreme Court has made clear that the standard for obtaining a COA is not a particularly exacting one." Wilson v. Belleque, 554 F.3d 816, 826 (9th Cir. 2009); see Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000) (explaining that a COA should issue unless the claims are "utterly without merit"). Any doubts about the issuance of a COA "must be resolved" in the petitioner's favor. Silva v. Woodford, 279 F.3d 825, 833 (9th Cir. 2002).

The standard for granting a COA is modest, and the Court concludes that Movant has shown that reasonable jurists could find this Court's "assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 854. The Court finds it compelling that another reasonable jurist has in fact already disagreed with this Court's conclusion in that the magistrate judge initially recommended that Movant's underlying Motion be granted. See ECF No. 138 at 10. Movant's argument that "reasonable jurists could find that the Court erred in allowing Mr. Price to intervene in the § 2255 proceedings" is also well-received, in that the magistrate did indeed disagree on this

///
///
///
///

point as well.  Motion at 8.  Accordingly, Movant's Motion for Certificate of Appealability (ECF No. 165) is GRANTED.

      IT IS SO ORDERED.

Dated:  August 17, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE