UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>   Plaintiff,<br><br>   v.<br><br>RALEIGH RANA FIGUERAS,<br><br>   Defendant. | No. 2:16-cr-00045-MCE-2<br><br>**ORDER** |

Presently before the Court are three motions: (1) Defendant Raleigh Rana Figueras' ("Defendant") Motion for Relief from Defect in the Integrity of Federal Habeas Proceedings Pursuant to Federal Rule of Civil Procedure 60(b),[1] ECF No. 184 ("Mot. Relief"); (2) Defendant's Motion for Recusal, ECF No. 191; and (3) the United States' Motion for Stay Pending Petition for Certiorari, ECF No. 194.  For the following reasons, all three Motions are DENIED.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances," such as fraud, mistake, newly discovered evidence, or "any other reason that justifies relief."  Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); see Fed. R. Civ. P. 60(b)(6).  That rule applies in habeas corpus proceedings.  See Jones v. Ryan, 733 F.3d 825, 833 (9th Cir. 2013).  In

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

seeking relief under Rule 60(b)(6), a movant must show "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez, 545 U.S. at 535 (citation omitted). "Such circumstances 'rarely occur in the habeas context.'" Jones, 733 F.3d at 833 (quoting Gonzalez, 545 U.S. at 535); see Martinez v. Shinn, 33 F.4th 1254, 1262 (9th Cir. 2022) (stating that "Rule 60(b)(6) can and should be used sparingly as an equitable remedy to prevent manifest injustice") (internal citation and quotation marks omitted).

"A petitioner is generally limited to one motion under [28 U.S.C.] § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)."[2] United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," such as "characteriz[ing] their pleadings as being a motion under Rule 60(b) . . ." Id. "When a Rule 60(b) motion is actually a disguised second or successive § 2255 motion, it must meet the criteria set forth in § 2255(h)." Id. at 1059–60.

With that said, not all Rule 60(b) motions are disguised as second or successive § 2255 motions. Although "the Supreme Court has not adopted a bright-line rule" to distinguish between the two, it has held that a legitimate Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings," while a second or successive habeas corpus petition "in effect asks for a second chance to have the merits determined favorably . . ." Id. at 1060; Jones, 733 F.3d at 834 (citing Gonzalez, 545 U.S. at 530, 532 & n.5). In this case, the Court finds that Defendant's Motion falls under the latter in that it seeks a new determination based on the same set of facts.

In his present Motion made pursuant to Rule 60(b)(6), Defendant contends that this Court's order allowing Defendant's former counsel Jerome Price to intervene and file

---

[2] Under § 2255(h), a second or successive motion must be certified to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

objections to then-pending findings and recommendations issued by the assigned magistrate judge "constituted a profound defect in the § 2255 proceedings." Mot. Relief, at 3. This Court ultimately denied Defendant's § 2255 motion and in doing so it considered, in part, Mr. Price's objections. See ECF No. 161. Defendant subsequently appealed to the Ninth Circuit Court of Appeals and moved for a certificate of appealability as to claims raised in his § 2255 motion and proceedings, including that "Mr. Price's motion to intervene in the § 2255 proceedings was not properly granted by this Court." ECF No. 165, at 1–2. This Court granted Defendant's motion, recognizing, in part, Defendant's argument that "reasonable jurists could find that the Court erred in allowing Mr. Price to intervene in the § 2255 proceedings" given that the magistrate judge disagreed on this issue. ECF No. 167, at 2–3 (quoting ECF No. 165, at 8).

> On appeal, the Ninth Circuit affirmed the district court's order. In its memorandum decision, the court found the district court correctly concluded prejudice was not established from counsel's errors, either with respect to plea negotiations or sentencing. ECF No. 173. The Ninth Circuit made no mention at all of the propriety of Mr. Price's intervention in the § 2255 proceedings. Id.

Mot. Relief, at 8. Defendant has since filed a petition for writ of certiorari with the United States Supreme Court. Mot. Recusal, ECF No. 191, at 4 n.3.

After reviewing Defendant's Rule 60(b) Motion, the Court finds that Defendant is merely attempting to relitigate an issue that has already been raised both before this Court and the Ninth Circuit. In his motion for certificate of appealability, Defendant explicitly cited Mr. Price's motion to intervene and this Court's granting of said motion as a claim for appeal. The fact that the Ninth Circuit did not expressly address this claim in affirming this Court's order denying habeas relief does not mean that court did not consider it, especially since this Court's order referenced Mr. Price's objections. Had the Ninth Circuit found a violation with this Court's order allowing Mr. Price to intervene, it would have said so and ruled accordingly. Because this issue was raised on appeal and this Court's denial of habeas relief was affirmed, there is no further action left for the Court to undertake and thus Defendant's Rule 60(b) Motion, ECF No. 184, is DENIED.

3

Defendant's Motion for Recusal, ECF No. 191, and the United States' Motion for Stay, ECF No. 194, are DENIED as moot.

IT IS SO ORDERED.

Dated: July 20, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE