UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>RALEIGH RANA FIGUERAS,<br><br>    Defendant. | No. 2:16-cr-00045-MCE-2<br><br>**ORDER** |

On July 29, 2022, this Court denied Defendant Raleigh Rana Figueras' ("Defendant") Motions for Relief from Defect in the Integrity of Federal Habeas Proceedings pursuant to Federal Rule of Civil Procedure 60(b)[1] and Recusal, as well as the United States' Motion for Stay Pending Petition for Certiorari.  ECF No. 196. Defendant timely appealed the denial of his two motions to the Ninth Circuit Court of Appeals and thereafter filed a Motion for Certificate of Appealability ("COA") before this Court.  ECF No. 200.  For the following reasons, Defendant's Motion for COA is DENIED.

"[A] COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a [28 U.S.C. §] 2255 motion."  United States v. Winkles, 795 F.3d 1134, 1142 (9th Cir. 2015).  As such, "a COA should only issue for the

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

appeal arising from the denial of a Rule 60(b) motion in a section 2255 proceeding if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying section 2255 motion states a valid claim of the denial of a constitutional right." Id. at 1143.

In denying Defendant's Rule 60(b) Motion, the Court concluded that Defendant is merely attempting to relitigate the issue of allowing Defendant's former counsel Jerome Price to intervene in Defendant's § 2255 proceedings, an issue that was raised both before this Court and the Ninth Circuit on appeal.  See ECF No. 196, at 3.  In the instant Motion for COA, Defendant argues that the Court mischaracterized the argument raised in his Rule 60(b) Motion, explaining that he "did not argue . . . only that the motion to intervene was unlawfully granted – he argued that the proceedings that occurred after the district court's granting of the unlawful motion were fundamentally flawed and cannot be relied upon to have produced a result that comports with due process." ECF No. 200, at 6.  Nevertheless, the fact remains that Defendant's arguments all stem from Mr. Price's intervention in the habeas proceedings.  The Ninth Circuit did not address this issue in its decision affirming this Court's denial of habeas relief but that does not mean that the court did not consider it.  Had it found an issue with this Court granting Mr. Price's motion to intervene, it would have remanded the case back for further proceedings absent Mr. Price's intervention.  Because this issue was raised on appeal and this Court's denial of habeas relief was affirmed, the Court finds that jurists of reason would not find it debatable whether this Court abused its discretion in denying Defendant's Rule 60(b) Motion.  Therefore, Defendant's Motion for COA, ECF No. 200, is DENIED.

IT IS SO ORDERED.

Dated:  August 4, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

2